OPINION OF THE COURT
M. Arthur Eiberson, J.
This is a small claims action brought to recover $1,500 for medical costs incurred by the plaintiffs David Lazer and his wife Caroline Levy.
The facts are simple and not disputed to any great extent. The undisputed facts are as follows:
The plaintiff David Lazer commenced employment with the Nassau County District Attorney’s office on January 23, 1981. At that time he became a covered employee under the StateWide Health Insurance Plan provided by a group health policy written by Metropolitan Life Insurance Company. On June 26, 1983 the plaintiff David Lazer married the coplaintiff Caroline Levy and she became a dependent under the policy. On or about October 1984, the coplaintiff Caroline Levy be *1105 came pregnant, ultimately giving birth to a son Brett Matthew Lazer, on July 19, 1985. In November of 1984, the plaintiffs contracted with Drs. Julian Mierlak and Jerome Levitan to treat the coplaintiff Caroline Levy during the entire period of her pregnancy. The doctors laid out a course of treatment as testified to by the plaintiffs. The plaintiffs agreed to pay Drs. Mierlak and Levitan $1,700 for the entire course of treatment in installments, paying $300 in each of the following months, December 1984, January, February, March, and April 1985 and $200 in May of 1985.
The final undisputed fact is that the plaintiff David Lazer left his employment with the Nassau County District Attorney’s office March 1, 1985.
We now arrive at the disputed facts. The plaintiff David Lazer claims that he was told by an employee of the District Attorney’s office that as his coverage commenced 90 days after the commencement of his employment it would terminate 90 days after he left his employment; so thus by his calculations his coverage terminated May 31, 1985. The employee in question was not produced nor was he or she even identified.
The defendant takes the position that the plaintiff’s coverage ceased at the end of the month next succeeding the month in which employment was terminated and by its calculations therefore coverage ceased April 30, 1985.
The court finds that the coverage of the plaintiffs terminated on April 30, 1985. The law is also clear that the employer is the agent of the employee and not the insurers and there was adequate proof of the April 30, 1985 termination date and none as to the May 31, 1985 termination date.
However, the termination date is of little or no import here. The court finds that the condition for which treatment was obtained and paid for commenced on or about October 1984 and the course of treatment was entered upon by the coplaintiff Caroline Levy with Drs. Mierlak and Levitan on or about November 24, 1984 and an agreement was entered into on that date for a fee of $1,700 to be paid monthly commencing December of 1984 with the final payment in May of 1985. It is undisputed by the parties and clear to the court that through April 30, 1985, that the plaintiffs were covered by the policy.
The defendant, in originally denying the claim, contended that the medical services were not rendered until the birth of the plaintiffs’ child on July 19, 1985 and that there was therefore no coverage at that date by anyone’s calculation. *1106 That position is totally absurd. Pregnancy is a nine-month condition treated for almost all of the nine months, as we have had testimony was the case here. It does not begin and end with the birth of the child. The defendant even ultimately admits the absurdity of its position as at the commencement of the trial it stipulated that there was due to the plaintiffs the sum of $288 for nine office visits prior to April 30, 1985, at a rate arbitrarily chosen by the defendant of $40 per visit for a total of $360 less 20%. This is now obviously a recognition by the defendant that the coplaintiff Caroline Levy’s condition existed from October 1984 while she was a dependent pursuant to the policy.
It is also to be noted that the policy booklet provided to covered employees and marked as plaintiff’s exhibit No. 1 in evidence on page 6 thereof, provides as follows: "If the Major Medical Expense Coverage on account of the Enrollee ends, any claim which is incurred before the Major Medical Expense Coverage ends will not be affected”.
Clearly here the claim was incurred before the end of the coverage, which even the defendant admits by stipulating to pay $288 for the nine office visits prior to April 30, 1985. The only real question here is the amount of money due to the plaintiffs.
The plaintiffs incurred costs of $1,700 on or about November 24, 1984, upon their agreement to embark on a course of treatment with Drs. Mierlak and Levitan at a time when there is no doubt as to the plaintiffs’ coverage and paid all but $200 of the sum before April 30,1985.
Accordingly, judgment in the amount of $1,360 is rendered in favor of the plaintiffs based upon 80% of the claim of $1,700 as the policy provides. It is also to be noted that the defendant does not question the sum of $1,700 paid to Drs. Julian Mierlak and Jerome Levitan.